108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie J. LOVETT, Plaintiff-Appellant,
v.
John W. HAWLEY; Tom Laitinen, Defendants-Appellees.
 No. 96-1365.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1997.
 
 W.D.Mich., No. 95-00213; Robert Holmes Bell, Judge.
 
 
 1
 W.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: RYAN and DAUGHTREY, Circuit Judges; FRIEDMAN, District Judge.*
 
 ORDER
 
 4
 Jessie J. Lovett appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Lovett filed his complaint in the district court alleging that the defendant Michigan prison officials failed to protect him from an attack by a fellow prisoner. Plaintiff named the defendants in "both" capacities, and sought compensatory and punitive damages. Defendants moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The magistrate judge recommended that summary judgment for defendants be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendants.
 
 
 6
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharms., Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes that might affect the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. The nonmoving party is required to show more than a metaphysical doubt as to the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).
 
 
 7
 Under the circumstances of this case, summary judgment for defendants was proper. Plaintiff cannot show that defendants consciously disregarded a substantial risk of harm to him. See Farmer v. Brennan, 114 S.Ct. 1970, 1974-77 (1994). Accordingly, summary judgment for defendants was proper. Plaintiff's remaining claims on appeal are without merit.
 
 
 8
 Accordingly, plaintiff's motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation